IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JERMEAL G. WHITE,** | ) | CASE NO. 4:24-cv-1588 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **D. BURNS,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Jermeal G. White, an Ohio State Penitentiary (OSP) inmate appearing *pro se* and proceeding *in forma pauperis*, (R. 2), filed this action against Defendant OSP Corrections Officer D. Burns. (R. 1). He alleges that Defendant defamed him by making untrue statements regarding his behavior and violated his rights under the Eighth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, by gripping his arm and pushing him. *Id.* He seeks damages and injunctive relief "ordering [D]efendant[] to cease his physical violence toward Plaintiff." (*Id.* at PageID# 9). For the reasons that follow, the Court dismisses the Complaint.

### I. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). A court, however, must dismiss an action filed by a plaintiff proceeding *in forma pauperis* when, for instance, the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). When evaluating whether a complaint fails to state a claim for the purposes of

§1915(e)(2)(B)(ii), courts apply the same standard as on a Rule 12(b)(6) motion to dismiss. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, to avoid dismissal in accordance with § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,'" but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

When evaluating whether a complaint states a plausible claim, a court "must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In doing so, a court must accept as true all the factual allegations contained in the complaint and construe them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). A court need not accept as true conclusions of law, "labels," formulaic recitations of the elements of a cause of action, and naked assertions lacking further factual enhancement. *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under governing law. *Id.* at 679.

## II. Background[1]

In May 2014, Plaintiff was sentenced to twenty-five years to life imprisonment for aggravated murder, aggravated burglary, and felonious assault. *See Jermeal White*, Ohio Dep't of Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A654040 (last visited May 16, 2025). He is incarcerated at OSP in Youngstown, Ohio. (R. 1, PageID# 2).

On April 30, 2024, Plaintiff finished showering and was "waiting to be escorted back to his cell." (*Id.* at PageID# 3). Defendant arrived and "instantly started using harsh curse words against Plaintiff, calling [him] l[y]ing ass White for no expla[i]nable reason." *Id.* This "[i]nstantly caus[ed] Plaintiff emotional distress[ and] embar[r]assment." *Id.* Nevertheless, he "was still able to stay appropriate and secure to be hand[]cuffed and escorted from the shower." *Id.*

During the escort, Plaintiff began to kick a contraband phone charger "to another inmate cell" even though this action was "against policy." (*Id.* at PageID# 3–4; *see also* R. 1-6, PageID# 32). Defendant "never gave Plaintiff an order to stop kicking and passing" the contraband phone charger. (R. 1, PageID# 4). Throughout the escort, Defendant maintained a "hurtful grip on" Plaintiff's left arm. *Id.* As Plaintiff entered his cell, he "completed kicking and passing" the contraband phone charger. *Id.* After he "was already inside his cell, Defendant actually reached inside the cell and pushed" him "for no reason" while he "was hand[]cuffed with his hands behind his back." (*Id.* at PageID# 4–5). Defendant did so even though Plaintiff did not turn toward him, threaten him, become aggressive, or resist a direct order. (*Id.* at PageID# 4).

---

[1] The background facts are from Plaintiff's Complaint, (R. 1), and exhibits to the Complaint, (R. 1-6). All well-pleaded factual allegations and reasonable inferences drawn therefrom are presented as true and in the light most favorable to Plaintiff as the nonmovant. The Court also takes judicial notice of Plaintiff's underlying criminal convictions and other undisputed facts that are publicly available on official state-government websites. *See Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009); *Ahmed v. Blinken*, No. 23-11860, 2024 WL 4172525, at *5 n.1 (E.D. Mich. Sept. 12, 2024).

Plaintiff received a conduct report from Defendant for disobedience of a direct order. (*See id.* at PageID# 5). The conduct violation report "was dismissed." *Id.* Defendant "created a completely false use of force incident" alleging that Plaintiff "made threats toward Defendant" and "disobeyed a direct order." (*See id.* at PageID# 5–6). As a result of all of Defendant's actions, Plaintiff experienced "pain, suffering, physical injury, and emotional distress." (*Id.* at PageID# 8).

The Complaint asserts two claims for damages and injunctive relief under § 1983 and one claim for damages and injunctive relief under state law against Defendant in his individual capacity. (*Id.* at PageID# 2–9). On the state-law claim, Plaintiff alleges that Defendant defamed him by creating "a completely false use of force incident," alleging that Plaintiff "made threats toward Defendant" and "disobeyed a direct order." (*See id.* at PageID# 5–6). Plaintiff brings his remaining claims under § 1983, alleging that Defendant is liable for violating his Eighth Amendment rights by maintaining a "hurtful grip on" his left arm and pushing him when he was already in his cell and not turning toward or threating Defendant, becoming aggressive, or resisting a direct order from Defendant. (*Id.* at PageID# 3–8). He also alleges that Defendant violated his Eighth Amendment rights by "using harsh curse words against" him. (*Id.* at PageID# 3).

### III. Analysis

**A. Eighth Amendment Claims Brought Pursuant to Section 1983**

To state a claim under § 1983, a plaintiff must plausibly "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Iqbal*, 556 U.S. at 676. The facts needed to establish the first element will

depend on the specific constitutional right or provision at issue. *Iqbal*, 556 U.S. at 677; *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986).

**1. Excessive Force**

Liberally construed, Plaintiff's Complaint seeks to allege a claim for excessive use of force in violation of the Eighth Amendment. (R. 1, PageID# 3–9). "The Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). This Amendment governs inmates' excessive force claims. *Whitley*, 475 U.S. at 327. To state a claim for a violation of his Eighth Amendment rights, a plaintiff "must satisfy both an objective and a subjective component." *Williams*, 631 F.3d at 383 (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993)). The subjective component focuses on a prison official's state of mind. *Id.* "The relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The objective component "requires that the pain inflicted be 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Not every push or shove violates a prisoner's Eighth Amendment rights. *Id.* at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." *Id.* at 9–10. Nevertheless, an injury's seriousness is not dispositive. *Williams*, 631 F.3d at 383. Contemporary standards of decency "always are violated when prison officials maliciously and sadistically use force to cause harm." *Hudson*, 503 U.S. at 9.

Here, Plaintiff alleges that Defendant maintained a "hurtful grip on" his arm when escorting him back to his cell. (R. 1, PageID# 4). He further alleges that once he was "inside his cell, Defendant actually reached inside the cell and pushed" him while he "was hand[]cuffed with his hands behind his back." (*Id.* at PageID# 4–5). He alleges Defendant did so even though Plaintiff did not turn toward him, threaten him, become aggressive, or resist a direct order. (*Id.* at PageID# 4). Even construing the allegations in the light most favorable to Plaintiff, he alleges "only a minimal use of force by [D]efendant[] in a legitimate attempt to return him to his cell." *Johnson v. Unknown Coolman, R.U.O.*, 102 F. App'x 460, 461 (6th Cir. 2004) (citing *Hudson*, 503 U.S. at 9–10) (pushing a handcuffed prisoner into his cell, pulling on the handcuffs' security strap such that it hurt his wrists, and attempting "to bend his thumb back" amounted to "minimal use of force by defendants in a legitimate attempt to return him to his cell"). He does not allege that he suffered a sufficiently serious injury that could conceivably violate contemporary standards of decency. *See id.*

Even if Plaintiff had plausibly alleged the objective component, he does not allege facts showing that Defendant maliciously and sadistically used force to cause harm. (*See* R. 1). He merely alleges that Defendant pushed him "for no reason," (*id.* at PageID# 4–5), which fails to allege that Defendant pushed him "for the very purpose of causing harm," *see Williams*, 631 F.3d at 383. Thus, he also fails to allege facts showing the subjective component. *See Johnson*, 102 F. App'x at 461. Because he does not allege sufficient facts supporting either the objective or subjective component, he fails to state a plausible Eighth Amendment excessive force claim. *See id.* Therefore, the Court will dismiss this claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Verbal Harassment**

Plaintiff contends that Defendant also violated his Eighth Amendment rights by "using harsh curse words against" him and calling him "l[y]ing ass White." (R. 1, PageID# 3). "While unprofessional, allegations of verbal harassment … by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment." *Ward v. Loveberry*, No. 1:22cv1033, 2022 WL 17335660, at *6 (W.D. Mich. Nov. 30, 2022) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam)); *see Ivey*, 832 F.2d at 954–55. Therefore, Plaintiff does not state a claim for a violation of his Eighth Amendment rights based on verbal harassment. *Ward*, 2022 WL 17335660, at *6. The Court will dismiss this claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

**B. State-Law Claim**

Liberally construed, the Complaint also attempts to assert a claim for defamation against Defendant. (*See* R. 1, PageID# 5–6). Plaintiff alleges that Defendant "created a completely false use of force incident" indicating that Plaintiff "made threats toward" him and "disobeyed a direct order," "causing Plaintiff … defamation of character." (*Id.* at PageID# 3, 5–6). Defamation is a state-law claim.

Federal courts "are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Exxon Mobile Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 552 (2005). As such, federal courts "may not exercise jurisdiction absent a statutory basis." *Id.* "Congress has conferred on the [federal] district courts original [subject-matter] jurisdiction in federal-question cases"—that is, cases that, like this one, (R. 1, PageID# 3–8), "arise under the Constitution, laws, or treaties of the United States." *Exxon Mobile Corp.*, 545 U.S. at 552 (citing 28 U.S.C. § 1331); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Where, as here,

the complaint in a federal-question case also asserts state-law claims and the parties are not totally diverse, a district court has supplemental jurisdiction over those state-law claims if they "are so related to" claims the court has jurisdiction over "that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). A federal district court, however, may decline to exercise jurisdiction over such a claim if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3).

Here, as discussed above, the Court dismisses Plaintiff's Eighth Amendment claims over which it had original jurisdiction. The United States Court of Appeals for the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed" in federal-question cases. *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011). When federal claims have been dismissed in such cases, "the balance of considerations will usually point to dismissing the state[-]law claims." *Id.* at 585 (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, … the state claims should be dismissed as well."). Therefore, because Plaintiff's only remaining claim is his state-law defamation claim, the Court declines to exercise jurisdiction over and will dismiss that claim.

### IV. Conclusion

This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 19, 2025

*David A. Ruiz*
David A. Ruiz
United States District Judge